```
___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

      MAY 0 8 2019

   CLERK U S DISTRICT COURT
     DISTRICT OF ARIZONA
BY_____ M DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

**REDACTED FOR PUBLIC DISCLOSURE**

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>vs.<br><br>Tanner John Albers,<br><br>  Defendant. | CR-19-08100-PCT-SPL (JZB)<br><br>**REDACTED INDICTMENT**<br><br>VIO:  18 U.S.C. §§ 2251(a) and 2256<br>       (Production of Child Pornography)<br>       Count 1<br><br>       18 U.S.C. §§ 2252(a)(2), (b)(1),<br>       2256, and 2<br>       (Distribution of Child Pornography,<br>       And Aiding and Abetting)<br>       Count 2<br><br>       18 U.S.C. § 2422(b)<br>       (Attempted Coercion and Enticement)<br>       Count 3<br><br>       18 U.S.C. §§ 981 and 2253,<br>       21 U.S.C. § 853, and<br>       28 U.S.C. § 2461(c)<br>       (Forfeiture Allegations) |

THE GRAND JURY CHARGES:

## COUNT 1

On or about September 3, 2018, in the District of Arizona, and elsewhere, defendant TANNER JOHN ALBERS, did knowingly employ, use, persuade, induce, entice, and coerce a minor, that is, Jane Doe, age 13, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and did know and have reason to know that such visual depiction would be transported and transmitted using any means or facility of interstate or foreign commerce, and transported and transmitted in or affecting

interstate commerce or foreign commerce, and that such visual depiction was produced and transmitted using materials that have been mailed, shipped and transported in or affecting interstate or foreign commerce by any means including by computer, and that such visual depiction has actually been transported and transmitted using any means or facility of interstate or foreign commerce and transmitted using any means or facility of interstate or foreign commerce and transported and transmitted in and affecting interstate or foreign commerce. The visual depictions can be described as:

    7mzjfy77qycc8k0g40621637_2082779518540661_7342075760187801600_o.jpg
    b5djqs2pvf48gccs40771873_1763240090390526_2359063934651078475_n.mp4
    6gp4t2dwascg4k0g40698312_1790355837730030_3907580151356865421_n.mp4

In violation of Title 18, United States Code, Sections 2251(a) and 2256.

## COUNT 2

On or about the dates below, in the District of Arizona, and elsewhere, defendant TANNER JOHN ALBERS, did knowingly aid and abet in distributing visual depictions that involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of such conduct. The visual depictions were distributed on the Facebook platform. The visual depictions had been mailed, shipped and transported using any means or facility of interstate or foreign commerce and in and affecting interstate or foreign commerce, and had been produced using materials which had been mailed, shipped, or transported by any means, including by computer. The files of a visual depiction of a minor engaged in sexually explicit conduct are listed below:

    7mzjfy77qycc8k0g40621637_2082779518540661_7342075760187801600_o.jpg
    b5djqs2pvf48gccs40771873_1763240090390526_2359063934651078475_n.mp4
    6gp4t2dwascg4k0g40698312_1790355837730030_3907580151356865421_n.mp4

In violation of Title 18, United States Code, Sections 2252(a)(2), (b)(1), 2256, and 2.

//
//

**COUNT 3**

On or about September 3, 2018, in the District of Arizona and elsewhere, TANNER JOHN ALBERS used a facility and means of interstate or foreign commerce to attempt to persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to engage in a sexual activity for which any person could be charged with a criminal offense, to wit, Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and 2256, and Distribution of Child Pornography (and aiding and abetting) in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1), 2256, and 2.

In violation of Title 18, United States Code, Section § 2422(b).

**FORFEITURE ALLEGATIONS**

The Grand Jury realleges and incorporates the allegations of Counts 1-3 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to Title 18, United States Code, Sections 981 and 2253, Title 21 United States Code, Section 853, and Title 28, United States Code, Section 2461(c), and upon conviction of one or more of the offenses alleged in Counts 1-3 of this Indictment, the defendant shall forfeit to the United States of America all right, title, and interest in any visual depiction, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of statute, and any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense, and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including, but not limited to a cell phone seized by law enforcement on or about January 9, 2019. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence,
(2) has been transferred or sold to, or deposited with, a third party,
(3) has been placed beyond the jurisdiction of the court,
(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. Section 853(p).

All in accordance with Title 18, United States Code, Sections 981 and 2253, Title 21, United States Code, Section 853, Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

/S/
FOREPERSON OF THE GRAND JURY
Date: May 8, 2019

MICHAEL BAILEY
United States Attorney
District of Arizona

/S/
GAYLE L. HELART
BRETT A. DAY
Assistant U.S. Attorneys